The fifth case, I think, this morning. Yes. Mr. Marchakowski? May I please the court? Good morning, Your Honours. My name is Ron Marchakowski, and I represent the appellants Janice and Christopher Marten. Mrs. Marten had a jewelry store in Carmel, Indiana, until the defendants in this case engaged in a series of wrongful acts that led to the arrest and prosecution of Mrs. Marten and her husband Christopher on 14 counts of tax-related offenses. After two and a half years, those 14 counts were all dismissed, but in the meantime, Mrs. Marten's jewelry business was destroyed, and the reputations of her and her husband were severely damaged. The defendants in this case are Andrew Swain, who is the Chief Counsel for the Tax Litigation Division at the Indiana Attorney General's office, and Rick... Mr. Marchakowski, my understanding is, and maybe I didn't take the opportunity to go back and look, the Attorney General in Indiana, unlike some other states, is limited in direct prosecution of cases. They don't have very many direct where they can go in and try for it. Are they authorized in these tax cases to do that, or do they have to go through the prosecuting attorney's office? They have to go through the prosecuting attorney, and they did through the Hamilton County Prosecuting Attorney's Office. Well, I know they did. Pardon? I said I noticed that. Yeah. No, they don't have authority to do that on their own, but Mr. Swain did play a significant role in instituting and initiating this prosecution along with the other divisions. The reason I ask that, it does make it a little different because it's not the same entity that's doing prosecution that did the civil investigation. And I think that bears a lot on the absolute immunity issue, which I want to talk about in a minute, but before I go there, I want to make sure we're all on the same base, that there's one claim that's now pending in this action, and it's a claim under Section 1983 for malicious prosecution. And the claim lies against Mr. Swain and Mr. Albrecht, who was the auditor from the Indiana Department of Revenue, who participated in this process. And the district court dismissed this Section 1983 malicious prosecution claim on statute of limitations ground. And after that decision, the Seventh Circuit, in an opinion by Judge Posner, decided in Julian that Indiana didn't have an adequate malicious prosecution remedy, and that Section 1983 provided one. And under Section 1983, the statute of limitations doesn't start to run until the underlying prosecution has ended or terminated. And so the judge erred when she dismissed on statute of limitations grounds. And the defendants here have conceded that. The only basis on which this claim was dismissed in the trial court, they conceded, was decided in error. And as they must, they must find some alternative grounds for this court to try to obtain an affirmance since the district court's decision was wrong. And they've offered two, in essence, in their appellee's brief. They first have argued that the complaint fails to allege specific facts sufficient to assert a Section 1983 malicious prosecution claim. And secondly, they've asserted that Mr. Swain is protected by absolute immunity. With respect to the first of those arguments, I think the court can handle that very easily because it was never argued below. Yet as well settled in this court as this court said in Tully v. Baratta, only if a party raises an argument in the district court may we use it as an alternative means to affirm the district court's granting of a motion to dismiss. The arguments made about specific facts, about whether we had adequately pled the lack of probable cause or malice or any other element of a Section 1983 claim, you can look in the motion to dismiss, which is at docket 14 in the record, or in the supporting brief, which is docket 15, or in the reply brief, docket 25, and you'll find none of these arguments regarding specificity being made. They're all waived. There is nothing there that this court can use to affirm the dismissal of the malicious prosecution claim under Section 1983. The only claim that is really before the court at this point in time for serious consideration is the claim of absolute immunity on behalf of Mr. Swain.  However, it is only on behalf of Mr. Swain. There is no claim for immunity on behalf of Mr. Albrecht, and so there is no viable argument to sustain the dismissal of the malicious prosecution claim under Section 1983 against Mr. Albrecht. There is also no viable claim as to Mr. Swain, first and most importantly because under the law with respect to absolute immunity, when you're in a prosecutorial role, which is essentially what they've alleged, it extends only to the prosecutorial role when you are an advocate. It doesn't extend to the investigatory function. That's what the Supreme Court made very clear in Kalina v. Fletcher. What kind of a record do we have on that question as to which role he was playing at the time? Well, what we have in the record, and the record at this point basically consists of a complaint since we're here on 1206 motion to dismiss, in terms of the allegations of the complaint. The allegations of the complaint speak of Mr. Swain executing the search warrant that was issued by the Hamilton County Circuit Court in a variety of wrongful ways. He's out there involved with the execution of the search warrant. So what did the district court have to say about absolute immunity? The district court never addressed absolute immunity. So why don't we send it back to him? You should. You just told us we ought to decide it here. No, I said that issue is something that you can consider. Why, how? On that record? On the complaint? On the complaint. The district court never addressed it. But you can consider it if you want. Fairly unique state officer here, isn't he? The chief counsel in charge of the tax division in the attorney general's office. Well, I don't know that there's another case that directly addresses that or directly addresses it when he's played the role that he did here, which included initiating civil proceedings where he subpoenaed them for a deposition, while he had already authorized criminal process to start with a search warrant, even though the Constitution says you can't compel somebody to be a witness against them. But it's part of an investigation function. But that gets back to my point that the attorney general can't prosecute the case, can he? No. So he just takes that and hands it over to the prosecuting attorney's office? He worked hand-in-hand and induced that course of conduct. So I do agree that on this record, this court should not defer him in any way. It should send it back to the district court, at best for reconsideration of issues like the scope of immunity, if any. And I would also caution that if the court were to take the defendant's position and, say, reverse or affirm on this alternative ground, it should be without prejudice to amending the complaint to allow, to see if it can be asserted, the facts can be asserted that would satisfy that problem, because it is rather incomplete. Absolute immunity was certainly not something that was considered at the time the complaint was drafted. I see my time has elapsed except for rebuttal, which I'd like to say. Thank you. Mr. Steiner? Good morning. May it please the Court. All of the Martins' claims in this case were dismissed by the district court, and there were numerous claims in addition to the malicious prosecution claim. Most of them were dismissed on statute of limitation grounds for good reason. Most of the events in this case occurred back in 2008 or prior to that. What about this malicious prosecution claim? Is that timely or is it? The malicious prosecution claim in terms of being before you at this point? Right. We think that it is because we did address malicious prosecution in our motion to dismiss and memorandum initially. The trial judge did not, the district court judge did not, because at the time, and this was pre-Julian, it appeared that the statute of limitation barred the claim, all the federal claims, and so the district judge just didn't address a point that she didn't believe she needed to address. The district court didn't know about the recent pronouncement. That's right. In fact, it was some time. Why don't we just send this back with a simple per curiam saying that we send it back for reconsideration in light of that case? Well, I think there's a couple of reasons why we would ask you to maybe take a look at it. One is that we did raise the absolute immunity issue clearly below. On the complaint only. On the complaint, yeah, I know. But there is no dispute here that Mr. Swain is a deputy attorney general, chief counsel of the tax section, was at the time, still is. There's no dispute based on these allegations in this case that, in fact, he was in the midst when he was gathering information here, in the midst of a civil tax case involving the Martins where he took their depositions. That's what the allegation is. He took their depositions, and it appears from the allegations that the information that was obtained in those depositions was then used by Mr. Albrecht or others  That sounds investigative to me. Yeah. Well, it wasn't investigative in terms of that civil tax case. He has every right to have immunity during the tax case. There was a bona fide tax case involved. It's an open investigation. No civil or criminal charges have issued. There was a civil tax case that was going on in which the, well, we don't have a very complete record. We don't know. I realize we don't have an incredibly complete record, and it is difficult when you have to deal with just a complaint. Right. Immunity is a functional analysis, and so it's very hard to decide on the pleadings unless it's crystal clear. It is to some degree. I agree with you. I mean, I'm not saying that this, but I think we have to look partly at the fact here that the only claim we have left asserted by the Martins is the malicious prosecution claim, which is a very discreet part of this whole event that occurred that they were complaining about. And you'd love to get it over with. I understand that. But frankly, reading your brief, I had the sense that you wanted to litigate before us something that you should be litigating before Judge Pratt. Well, it's something that we would have certainly litigated before Judge Pratt had we had any opportunity to do so. One thing I'd point out, the Julian case came down, I believe, in September or so of 2013. This case wasn't over until February or March of 2014. The Martins certainly could have appointed out to Judge Pratt that, guess what? This Julian case has come down. Maybe you should reconsider that decision and allow us to proceed because your decision was based on statute of limitation, at which point we would have had an opportunity to do what we did here, very expressly raise these other points because we don't think it's a valid claim against Mr. Swain or Mr. Albert. That sounds like a concession that the failure to state a claim argument that you're making now, that the allegations don't satisfy Julian and Serino, et cetera, was not, in fact, made below. We did in our, when they filed, we did not clearly, very clearly articulate this claim on the first go around, on the federal claims. However, the state malicious prosecution claim, which was litigated in front of Judge Pratt, when they filed their First and Second Amendment complaints, we did address the inadequacy of the malicious prosecution claim at that point in time. There's great similarities between the federal claim and the state claim, and, in fact, they were not asserting any sort of claim at that point, even though the decision for the district court was pending while all this was going on. They did not point out to the district court judge that, in fact, Julian had come down and that they would, and that the court should be considering their federal malicious prosecution claim, their malicious prosecution claim under Section 1983, along with their state malicious prosecution claim that had been raised, asserted in the First and Second Amendment complaints. We say that while we were not as direct as maybe we would have liked to be, that's because we didn't have an opportunity to do that at the time, but we did raise the same sorts of issues that we were talking about on this appeal regarding the insufficiency of the malicious prosecution claim, and we did clearly address both on the first go around of the motion to dismiss and on the second go around of the motion to dismiss the absolute immunity claim involving Mr. Swain. And we do that because the allegations in the complaint regarding Mr. Swain in particular, regarding the absolute immunity, do not in any ways assert that he presented any information that was knowingly false to the Hamilton County prosecutors. And, in fact, he was involved as an officer for the Attorney General's office, an attorney for the Attorney General's office, an official similar to a prosecutor in a civil matter with doing a civil proceeding where he took depositions and he learned some information. Well, this goes back to perhaps what both my colleagues are saying, that it needs to be fleshed out more. I always consider the immunity thing with regard to prosecuting attorneys in Indiana, you're wearing two hats. One is the investigative side before you bring the charge, and the second part is when you actually bring the charge. But that's not the case here because your office can't prosecute them. That's right. We weren't doing an investigation. We weren't doing a criminal investigation. Mr. Swain was doing a civil case, civil tax case, involving the Martins, where they were suspected of having not remitted proper amounts of sales tax. So that's something that our office, our tax section, is involved with. So he was doing that. And in the course of doing that, he subpoenaed the Martins for a deposition. That's part of his, I mean, what our contention is, that's part of his official duties, clearly, as an attorney working for the Attorney General's office. And their allegations relating to him are really about those things. And really, so far as anything else occurred, they don't really even, they articulate in their complaint that Mr. Albrecht allegedly filed an affidavit relating to the search and to the probable cause for the criminal charges, ultimately, but they do not specifically assert that Mr. Swain presented any affidavit at all in that connection with the search of the criminal proceedings. Well, on the other hand, the relationship between the separate prosecuting attorney's offices throughout Indiana and the Attorney General is a little different, too. On the one hand, the prosecuting attorney, even though they're thought of as a local, they are a state, aren't they, a state? Well, they are state officers. But they have their independent authority, entirely independent authority to decide whether to prosecute or not. And then, of course, the trial judge, whether he's going to issue a warrant or whatever, has his independent authority to take those actions as well. And, you know, when we're talking about malicious prosecution, which is the only thing left here, I noticed counsel talked about Mr. Swain being involved in the search, but the search, the Fourth Amendment claim, was properly dismissed as being untimely under the statute of limitations. That's not part of the malicious prosecution claim that's going on here. So I think based on what the allegations are in the complaint regarding Mr. Swain, clearly we have, I know not a lot is stated, but enough is stated that we know that he was acting in his capacity as an officer for the state of Indiana in the Attorney General's office in a civil matter and taking these depositions. And whether they like how he handled those depositions or not, the fact is that's what he was doing. But we would ask you to affirm the judgment. Thank you. Very briefly, Your Honor, let me just clarify one assertion that was made regarding the litigation of the malicious prosecution claim. After the federal Section 1983 malicious prosecution claim was dismissed, there was permission given by the court to refile the state malicious prosecution claim in order to clarify the status as to whether the tort claim had been filed timely. The court then dismissed the state malicious prosecution claim, finding that the defendants were all immune under state law, which is why this court held in Julian that there was no adequate remedy under state malicious prosecution law. What was not litigated and not asserted at any time in the trial court was that the federal malicious prosecution claim under Section 1983 should be dismissed for lack of specific facts. The only argument was absolute immunity, and this court I think has correctly observed not only today in the remarks of Your Honors, but also when Judge Easterbrook wrote in Alvarado v. Litcher that Rule 12b-6 is a mismatch for immunity and almost always a bad ground for dismissal. And when defendants do assert immunity, it is essential to consider facts in addition to those in the complaint. The absolute immunity defense, there are assertions in the complaint sufficient to raise investigatory conduct, which means absolute immunity doesn't apply. And according to the alternative grounds are not adequate to affirm, and we respectfully request that this court return this matter to the district court, reversing the dismissal of the malicious prosecution Section 1983. Thank you. Thanks to both counsel. The case will be taken under advisement.